IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:    JOHN LYNN KING,

DEBTOR

CAUSE NO.  19-10095-JDW

CHAPTER 13

**OBJECTION TO CONFIRMATION OF PLAN**

COMES NOW Ally Financial, Inc. (Ally) by counsel, and objects to confirmation of the proposed plan submitted by the Debtor and in support thereof respectfully shows the following:

1. Ally is the holder of a retail installment contract financing the purchase of a 2014 Chevrolet Camaro, VIN 2G1FB1E32E9235874. A copy of said contract is attached hereto as Exhibit "A".

2. Ally has perfected its security interest in the aforedescribed vehicle by endorsement upon the Certificate of Title issued by the State of Mississippi. A copy of said Title is attached hereto as Exhibit "B".

3. The Debtor's proposed plan, Exhibit "C" attached hereto, provides the value of the aforesaid vehicle to be $12,668.00 and proposes to pay $11,000.00 at the rate of 6.75%. The amount owed by the Debtor is $11,895.36. The Debtor is in arrears for payment on the contract in the amount of $1,357.56.

4. Ally asserts that the value of the aforesaid vehicle is at least $13,522.50 based upon the NADA Southeastern Edition.

In Re:      John Lynn King
Case No.:   19-10095-JDW
Page 2

5. There is no evidence of physical damage insurance on the described motor vehicle therefore the collateral is impaired and the position of the Creditor, Ally, is impaired as well by the failure of the Debtor to maintain insurance which constitutes a violation of the financing agreement.

6. Since the Debtor's Plan asserts that the vehicle has a value greater than the balance of the indebtedness and also since Ally asserts that it appears that the value of the vehicle is even greater than what the has disclosed in his plan, Ally asserts that it is entitled to reasonable attorney's fees pursuant to the provisions of 11 U.S.C. §506(b).

PREMISES CONSIDERED, Movant objects to confirmation of the proposed plan because of the value assigned by the Debtor and the absence of insurance and asks the Court for an order denying confirmation or alternatively declaring the value to be at least $13,522.50 with the Debtor to pay the balance of the indebtedness owed to Ally in the amount of $11,895.36 as a fully secured claim, requiring the Debtor to furnish evidence of physical damage insurance with Ally as loss payee and maintain such insurance until the amount in the confirmed plan has been fully paid. Ally also asserts that it is entitled to an order for reasonable attorney's fees pursuant to the provisions of 11 U.S.C. §506(b) Ally also seeks adequate protection and such further relief as may be proper in the premises.

Respectfully submitted,
Ally Financial, Inc.

By:   /s/ Joseph C. Gibbs
      Joseph C. Gibbs      MS Bar No. 4814
      111 Court Street - Post Office Box 1117

Clarksdale, Mississippi 38614-1117
Phone: (662) 627-4146
Email: jcglaw@bellsouth.net

Attorney for Ally Financial, Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing electronically filed Objection to Confirmation of Plan was served on the Parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Election filing indicated that Notice was electronically mailed to said party.

Robert H. Lomenick, Jr.
Attorney for Debtor

Locke D. Barkley
Chapter 13 Bankruptcy Trustee

Office of the U. S. Trustee
USTPRegion05.AB.ECF@usdoj.gov

    THIS the 4th day of March, 2019.

/s/ Joseph C. Gibbs